IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TED JOSEPH BRUNO,

    Plaintiff,

v.

DAVID J. MAHONEY,

    Defendant.

OPINION & ORDER

Case No. 18-cv-118-wmc

*Pro se* plaintiff Ted Joseph Bruno is proceeding against defendant David J. Mahoney on claims related to the presence of lead, asbestos and mold at the Dane County Jail. On July 2, 2019, defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (Dkt. #19.) When Bruno did not file an opposition by the deadline the court set, the court issued an order warning Bruno that it would reset the deadline once, to September 9, 2019, but his failure to respond would cause the court to grant defendant's motion as unopposed and dismiss this lawsuit without prejudice for failure to exhaust administrative remedies. (Dkt. #25.) Bruno responded by that deadline, representing that he had been transferred to Mendota Mental Health Institution ("Mendota"), where staff took away his legal materials and he was taking medications that rendered him incompetent. (Dkt. #26.) However, on October 15, 2019, Bruno submitted a letter to the court, asking that the court stay all deadlines in this lawsuit for a few months because he is now back at Dane County Jail but his legal materials are missing and he needs to focus on his upcoming criminal trial. (Dkt. #27.) For the reasons that follow, the court

is granting defendant's motion for summary judgment, dismissing Bruno's claims without prejudice and denying Bruno's request to stay the deadlines in this case as unnecessary.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018), and if a prison or jail does not make administrative remedies related to a given grievance available to an inmate, then the inmate may be excused from further exhaustion under the prison or jail's policy. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 812 (7th Cir. 2006) (finding that defendant could not succeed on exhaustion defense where plaintiff mailed his appeal, but it was never received).

During the relevant time period in this case, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper

way for inmates to file grievances.  Under subsection II of the policy, once a grievance is received, it is assigned a grievance number and an investigating supervisor for review.  (*Id.*)  An inmate that submits a grievance should receive a written response containing the supervisor's decision within ten business days.  (*Id.*)  Subsection III provides that if an inmate is dissatisfied with the supervisor's decision, he or she has five business days from the date of the response to submit an appeal.  (*Id.*)

Defendant submitted Bruno's grievance history.  It is undisputed that Bruno submitted Grievance No. 25822 on February 14, 2018, complaining that he had not received Tylenol, which he claimed he needed to deal with headaches and nausea from exposure to lead and asbestos.  (Ex. B (dkt. #21-2, at 9).)  Bruno filed this lawsuit on February 20, 2018, and he signed the complaint on February 14, 2018.  (Compl. (dkt. #1) 5.)  Jail staff reviewing this grievance deemed his complaint unfounded, noting that the jail buildings were being assessed and steps were being taken to address the conditions.  (*Id.* at 10.)  There was a notation on the grievance form that the response was mailed on February 23, 2018.  (*Id.*)  The jail has no record that Bruno submitted an appeal of that decision.  (Elve Aff. (dkt. #21) ¶ 7.)

Defendant's position is that since Bruno completely failed to mention mold in Grievance No. 25822, or any other grievance, he failed to exhaust that claim.  This argument is well-taken, and thus Bruno's claim related to mold exposure will be dismissed without prejudice.  As for Bruno's complaint about asbestos and lead, defendant argues that judgment in his favor is appropriate because (1) Bruno's complaint in Grievance No. 25822 contained too many issues to have adequately notified the jail about his complaint

about lead and asbestos, and (2) Bruno jumped the gun by filing this lawsuit before the jail responded to Grievance No. 25822.

Defendant's argument that Grievance No. 25822 did not provide fair notice is belied by the resolution of that grievance. Indeed, the jail responded *directly* to Bruno's concern about the conditions at the jail, so the court is unpersuaded that it did not have notice of Bruno's complaint about exposure to asbestos and lead. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."). However, defendant's second argument has merit, since it is undisputed that Bruno filed this lawsuit before the jail responded to Grievance no. 25822. Bruno claims that he *did* exhaust his administrative remedies with respect to this claim, but his legal materials have been taken away from him. However, Bruno did not need his legal materials to respond to the problematic fact that he signed his complaint on February 14, 2018, and then this lawsuit was filed on February 20, 2018, *before* the jail responded to Grievance No. 25822. Nor does Bruno explain the steps he took to appeal the decision in accordance with the jail's grievance procedure. Even assuming that Bruno *did* attempt to appeal the grievance, it is undisputed that Bruno initiated this lawsuit while his grievance was pending at the jail. Yet the PLRA makes it clear that prisoners may not file their federal lawsuit before completing the exhaustion process, so lawsuits *must* be dismissed even if the prisoner exhausts his administrative remedies while the lawsuit is pending. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (dismissal is appropriate "even if the

4

plaintiff exhausts his administrative remedies while the litigation is pending"). Accordingly, since it is apparent that Bruno failed to exhaust his administrative remedies before filing this lawsuit, the court is granting defendant's motion and dismissing this case without prejudice. *Id.* at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

Finally, while unnecessary, the court will briefly address Bruno's request to stay all deadlines because he does not have his legal materials and he needs to focus on his criminal case. (Dkt. #27.) The dismissal of this lawsuit is without prejudice. That means that Bruno may refile it when he is ready, provided that he exhausts his administrative remedies before doing so, keeping in mind the relevant six-year statute of limitations to bring this type of claim. *See* Wis. Stat. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 408-09 (7th Cir. 1989) (holding that the six-year "personal rights" statute of limitations applies to § 1983 actions, rather than the three-year period for personal injury). As such, Bruno is not prejudiced by the court's denial of his motion to stay, especially where he cannot dispute the merits of defendant's motion.

ORDER

IT IS ORDERED that:

1) Defendant David J. Mahoney's motion for summary judgment for failure to exhaust administrative remedies (dkt. #19) is GRANTED.

2) Plaintiff's claims in this lawsuit are dismissed without prejudice.

3) Plaintiff's motion for a stay (dkt. #27) is DENIED.

4) Plaintiff's motion for compel (dkt. #30) is DENIED as moot.

5) The clerk of court is directed to enter judgment accordingly and close this case.

Dated this 11th day of December, 2019.

                BY THE COURT:

                /s/

                WILLIAM M. CONLEY
                District Judge